UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:19CV-P35-JHM

**KERRI DANIELLE HODGE**  PLAINTIFF

v.

**STEPHEN RENFROW** *et al.*  DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Kerri Danielle Hodge filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. Plaintiff also filed a letter (DN 6), in which she states that she has been informed that Defendant Stephen Renfrow's name is actually Wayne Renfrow. The Court construes the filing as a motion to amend the complaint. Upon review,

**IT IS ORDERED** that the motion to amend the complaint (DN 6) is **GRANTED**. *See* Fed. R. Civ. P. 15(a)(2). The **Clerk of Court is DIRECTED** to change the name of Defendant Stephen Renfrow to Wayne Renfrow in the docket sheet.

This matter is before the Court on the initial review of the complaint pursuant to 28 U.S.C. § 1915A. Upon review, the Court will dismiss the action for the reasons stated herein.

### I. SUMMARY OF ALLEGATIONS

Plaintiff, a convicted inmate at the Daviess County Detention Center (DCDC), sues Stephen Renfrow, a deputy at DCDC, in his official capacity only, as well as DCDC itself.

Plaintiff states, "In Feb 2017 I was assaulted by Deputy Renfrow." She reports that another inmate "was trying to fight me [and] all the deputies was crowded around her. I was standing calmly alone out of nowhere Dep. Renfrow comes and pushes me. I asked why you push me Im not the aggressor. Later that night he came and tried to apologize." She asserts that

she filed grievances and was told that they were "in a blindspot[,]" which she disputes, and that nothing was done about it.

Plaintiff states, "Shortly after that I started having problems with spine/back." She asserts that she filled out medical forms and was given Tylenol 3 and two mats. She asserts that when she was released from DCDC she continued to have "problems" and that she had an MRI and was sent to a neurosurgeon on March 29, 2018. She states that she had to have surgery on her spine due to her injury.

Plaintiff further states, "I'm still having problems. This jail refuses to treat me. She just says I need better posture and too tense. I told her at the other jail I was getting off the floor and something pulled." Plaintiff asserts, "I feel like it is cruel and unusual punishment to even be housed here b/c they are not treating me fairly because of my voice on things. Even one deputy told me when I was like they not going to let me work or do anything b/c they don't like me she said nope." Plaintiff continues, "My right to be protected has been violated my right to receive medical also. I've filed grievances on all this even when Dep. Renfrow slammed the flap in my face. All they said on this was the incident was investigated that you claiming happened as if I made it up." She alleges that she did not receive responses to some grievances. She states, "I feel as if my rights of life, pursuit of safety and happiness, free speech, & redress of grievances also my right no cruel & unusual punishment inflicted has all been violated. I'm not treated fairly here b/c of my voice on it."

As relief, Plaintiff seeks compensatory and punitive damages.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any

portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Plaintiff sues Defendants DCDC and Renfrow in his official capacity only. However, DCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Daviess County is the proper defendant. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502. 503 (W.D. Ky. 1990). Further, Daviess County is a "person" for purposes of § 1983. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). The Court therefore will construe the claim against DCDC as a claim brought against Daviess County.

Moreover, "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell*, 436 U.S. at 690 n.55). Suing employees in their official capacities

is the equivalent of suing their employer. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. at 503. Therefore, the Court construes Plaintiff's official-capacity claim against Defendant Renfrow as brought against his employer, Daviess County.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address each of Plaintiff's claims to determine if it states a constitutional violation.

*1. Excessive force*

The Court construes Plaintiff's allegations that she was "assaulted" by Defendant Renfrow as alleging excessive force in violation of the Eighth Amendment's Cruel and Unusual Punishments Clause. According to the complaint, the incident occurred in February 2017.[1]

Section 1983 does not contain its own statute-of-limitations period, but it is well settled that constitutional claims asserted under § 1983 are governed by the state personal injury statute of limitations. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Personal injury actions in Kentucky "shall be commenced within one (1) year after the cause of action accrued." Ky. Rev. Stat. § 413.140(1); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the

---

[1] Plaintiff filed a prior action on March 31, 2017, against Defendant Renfrow alleging that he "push[ed] her for no reason whatsoever." Therein she states that the incident occurred on February 22, 2017. That action was dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

Though the applicable statute of limitations is determined by state law, the "date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (2007) (citing *Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)). Under federal law, "'the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Arauz v. Bell*, 307 F. App'x 923, 927-28 (6th Cir. 2009) (quoting *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988)). In other words, to determine when a § 1983 cause of action accrues, a district court must examine what event(s) should have alerted the typical individual to protect his or her rights. *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015).

In the case at bar, the one-year statute of limitations on Plaintiff's claims accrued in February 2017, on the date of the alleged excessive-force incident when she knew or had reason to know of the injury giving rise this claim. The limitations period, therefore, expired one year later in February 2018. Because the complaint was not filed until March 6, 2019,[2] more than a year after the expiration of the limitations period, it is obvious on the face of the complaint that Plaintiff's excessive-force claim is untimely, and the claim must be dismissed as frivolous.

---

[2] Under the "prison mailbox rule," "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). The complaint does not indicate on what date Plaintiff handed it to the prisoner mail system for mailing. However, she signed the complaint on March 6, 2019, and the Court will construe it as being filed on that date for purposes of this initial review.

*2. Grievance handling*

Plaintiff alleges that her grievances were denied or, for some, that she did not receive a response. There is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his denial of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). A plaintiff's claim is against the subjects of her grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance.").

Therefore, Plaintiff's claim based on the handling of her grievances fails to state a constitutional violation, and this claim against the municipality must be dismissed for failure to state a claim upon which relief may be granted.

*3. Medical treatment*

Plaintiff also asserts that her "right to receive medical" has been violated. She states, "I'm still having problems. This jail refuses to treat me. She just says I need better posture and too tense. I told her at the other jail I was getting off the floor and something pulled." The Court

construes the allegations as alleging deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment.

In order to state an Eighth Amendment claim of deliberate indifference to serious medical needs, an inmate must allege both an objective and a subjective component. The objective component requires the existence of a sufficiently serious medical need. *Turner v. City of Taylor*, 412 F.3d 629, 646 (6th Cir. 2005). To satisfy the subjective component, the defendant must possess a "sufficiently culpable state of mind," rising above negligence or even gross negligence and being "tantamount to intent to punish." *Horn by Parks v. Madison Cty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). Put another way, "[a] prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet recklessly disregards the risk by failing to take reasonable measures to abate it." *Taylor v. Boot*, 58 F. App'x 125, 126 (6th Cir. 2003) (citing *Farmer v. Brennan*, 511 U.S. 527, 837-47 (1994)).

Upon review, the Court finds that the complaint fails to satisfy either the objective or subjective component of a deliberate-indifference claim. Plaintiff's statements that "I'm still having problems[]" and that at a prior jail she "was getting off the floor and something pulled" do not contain sufficient "'factual enhancement'" to allege the existence of a sufficiently serious medical need. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Moreover, Plaintiff does not describe when or how she requested medical treatment or to whom she made a request. Therefore, the complaint fails to allege that anyone possessed a "sufficiently culpable state of mind" or recklessly disregarded a risk to her. Nor does the complaint tie the allegations to Defendant Renfrow, referring to the person who allegedly denied her treatment as a "she" while Renfrow is a male. Plaintiff's allegations are simply too vague to state an Eighth Amendment deliberate-indifference claim. *See Pugliese v. Parker*, No. 18-1189-JDT-cgc,

2019 U.S. Dist. LEXIS 98340, at *11 (W.D. Tenn. Jun. 12, 2019) (dismissing deliberate-indifference claim because the plaintiff "did not state what [the defendant] specifically did, or failed to do, that allegedly constitute[d] deliberate indifference to his medical needs") (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Therefore, Plaintiff's claim alleging denial of medical treatment fails to state a constitutional violation, and the claim must be dismissed for failure to state a claim upon which relief may be granted.

### *4. Retaliation*

Furthermore, Plaintiff states, "I feel like it is cruel and unusual punishment to even be housed here b/c they are not treating me fairly because of my voice on things. Even one deputy told me when I was like they not going to let me work or do anything b/c they don't like me she said nope." She also alleges, "I'm not treated fairly here b/c of my voice on it[]" and makes reference to grievances she filed. The Court construes these statements as alleging retaliation in violation of the First Amendment.

In order to state a retaliation claim, a plaintiff must show that: (1) she engaged in constitutionally protected conduct, (2) an adverse action was taken against her that would deter a person of ordinary firmness from continuing to engage in that conduct, and (3) there is a causal connection between elements (1) and (2), meaning that the adverse action was motivated at least in part by the plaintiff's protected conduct. *King v. Zamiara*, 680 F.3d 686, 694 (6th Cir. 2012) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)).

With regard to showing that she was engaged in protected conduct, Plaintiff states that she filed has grievances and makes reference to her "voice on things." The filing of a non-frivolous grievance is protected conduct. *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000).

However, Plaintiff does not state the basis for filing any grievance and has, therefore, failed to establish that she filed any non-frivolous grievance.[3] *See Nichols v. Boyd County Det. Ctr.*, No. 13-CV-16-HRW 2013 U.S. Dist. LEXIS 33023, at *9 (E.D. Ky. Mar. 11, 2013) (dismissing retaliation claim based on finding that "[the plaintiff] may have filed a non-frivolous grievance raising the unidentified topic, but he did not specify that fact - or any other legitimate possibility - in his complaint"). Moreover, Plaintiff's statements concerning her "voice on things" are too vague and conclusory to allege that she engaged in constitutionally protected conduct. *See Iqbal*, 556 U.S. at 681 ("[T]he allegations are conclusory and not entitled to be assumed true.") (quoting *Twombly*, 550 U.S. at 554-55).

Moreover, even if Plaintiff had alleged protected conduct, Plaintiff also fails to set forth sufficient facts to establish an adverse action taken against her. Plaintiff states that she was not "treated fairly" and that she was not given a prison job. Once again, Plaintiff's allegation of not being treated fairly is too vague and lacking in factual enhancement to state an adverse action. *Iqbal*, 556 U.S. at 678. Further, the denial of a prison job has been held not to constitute an adverse action to support a retaliation claim. *See Bailey v. Ingram*, No. 5:14-279-DCR, 2014 U.S. Dist. LEXIS 152493, at *13-15 (E.D. Ky. Oct. 24, 2014) (holding that "the removal of a prisoner from his prison job has generally been held not to constitute 'adverse action' under the retaliation analysis") (collecting cases).

Therefore, Plaintiff's retaliation claim fails to state a constitutional violation, and this claim must be dismissed for failure to state a claim upon which relief may be granted.

---

[3] The Court notes that the grievances Plaintiff states she filed based on the alleged assault in February 2017 were filed during her previous incarceration in DCDC.

For the foregoing reasons, the Court will dismiss the action by separate Order.

Date: August 22, 2019

*Joseph H. McKinley Jr., Senior Judge*
United States District Court

cc: Plaintiff, *pro se*
 Defendants
 Daviess County Attorney
4414.010